```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN CASTRO,
```

                    Plaintiff,         **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-

                                           **COMPLAINT**

DESIGNS ON FIFTH, LTD and
DAVID AMBALO, individually,

                    Defendants
-----------------------------------------------------------X

      Plaintiff JUAN CASTRO, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants DESIGNS ON FIFTH, LTD and DAVID AMBALO, individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## **NATURE OF THE ACTION**

    1. This Complaint seeks to recover, inter alia, unpaid minimum wage compensation for Plaintiff, a former employee of Defendant DESIGNS ON FIFTH, LTD, a New York Corporation with offices at 590 5th Ave 18th floor, New York, NY 10036 and its principal, Defendant DAVID AMBALO, where Plaintiff was employed primarily as a general assistant.

    2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour

(the "minimum wage"); however, Plaintiff was only compensated at a rate of $10 and $11.25 per hour for each hour of his workweek.

3. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum compensation required by federal and state law and regulations.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

5. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages and failure to keep accurate records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

6. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

7. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

12. Plaintiff JUAN CASTRO ("CASTRO") is and was at all times relevant hereto an individual residing in the State of New York.

13. Plaintiff CASTRO was employed by DESIGNS ON FIFTH, LTD at its offices at 590 5th Ave 18th floor, New York, NY 10036, from approximately December 2020 until the present date, where his primary work duty is as a general assistant.

14. At all times relevant hereto, Plaintiff CASTRO was a covered employee within the meaning of the FLSA and the NYLL.

15. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

### Defendants

16. Defendant DESIGNS ON FIFTH, LTD is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 590 5th Ave 18th floor, New York, NY 10036.

17. Upon information and belief, Defendant DESIGNS ON FIFTH, LTD is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2023, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant DAVID AMBALO is the President, Chief Executive Officer, manager, principal, or agent of Defendant DESIGNS ON FIFTH, LTD.

19. Upon information and belief, and at all times relevant to the claims herein, Defendant DAVID AMBALO possessed operational control over Defendant DESIGNS ON FIFTH, LTD by reason of his ownership interest, and control of significant functions of Defendant Corporation; that Defendant DAVID AMBALO: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant DESIGNS ON FIFTH, LTD; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

20. Defendant DAVID AMBALO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

21. Defendants owned and operated DESIGNS ON FIFTH, LTD, a corporate entity principally engaged in New York. At all relevant times, Defendants DESIGNS ON FIFTH, LTD and DAVID AMBALO possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff JUAN CASTRO and the other class member employees

by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

   b. failing to keep accurate records of the hours worked;

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff JUAN CASTRO and the other class members.

24. Defendant DESIGNS ON FIFTH, LTD, under the direct supervision and authority of Defendant DAVID AMBALO, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

25. At relevant times, Defendants DESIGNS ON FIFTH, LTD and DAVID AMBALO possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendants DESIGNS ON FIFTH, LTD and DAVID AMBALO jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

27. Defendants DESIGNS ON FIFTH, LTD, and DAVID AMBALO constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

28. At all times relevant hereto, Defendants DESIGNS ON FIFTH, LTD, and DAVID AMBALO were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**PLAINTIFF JUAN CASTRO**

29. Plaintiff started working in approximately December 2020. Plaintiff CASTRO has been employed without interruption by Defendants at their 590 5th Ave 18th floor, New York, NY 10036 facility, where Plaintiff CASTRO's duties include being a general assistant, such as cleaning, deliveries, and whatever else individual Defendant asked him to do.

30. Plaintiff CASTRO's work schedule is from 10:00 A.M. until 6:00 P.M., 5 days per week, Monday to Friday. Plaintiff works for approximately forty (40) hours per week.

31. Plaintiff CASTRO was paid at a rate of $400 per week. In 2022 Defendants raised his salary to $450 per week, all in cash. From December 10, 2020, until December 31, 2020, Plaintiff was paid $10 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $600. From January 2021 until December 2021, Plaintiff was paid $10 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 2022 until February 10, 2022, Plaintiff was paid $10 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $1,200. From February 11, 2022, until December 31, 2021, Plaintiff was paid $11.25 per hour, the underpayment per week was $150,

and the total underpayment of that period of time was $6,900. From January 2023 until November 27, 2023, Plaintiff was paid $11.25 per hour, the underpayment per week was $150, and the total underpayment of that period of time was $7,050. The total amount of unpaid wages is approximately $26,150 without liquidated damages.

32. Plaintiff CASTRO does not work at his own convenience but is required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff CASTRO does not come and go at his pleasure but rather is controlled by Defendants.

33. Plaintiff CASTRO is a covered employee within the meaning of the FLSA and the NYLL and is not exempt thereunder as his employment position and assignments are not "professional," "executive," or even "administrative" and do not require discretion nor independent judgment. Plaintiff CASTRO's work is properly characterized as menial physical labor.

34. Plaintiff CASTRO regularly handles goods in interstate commerce and other items produced outside of the State of New York.

35. Plaintiff worked without appropriate minimum wages from the beginning of his employment with Defendants.

36. No notification, either in the form of posted notices or other means, was ever given to Plaintiff CASTRO regarding wages as required under the FLSA and NYLL.

37. Defendants do not provide Plaintiff CASTRO with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

38. Defendants never provided Plaintiff CASTRO with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

**Defendants' General Employment Practices**

39. As part of their regular business practices, Defendants required Plaintiff JUAN CASTRO to work without paying Plaintiff the proper minimum wages as required by federal and state laws.

40. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

41. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff JUAN CASTRO with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

42. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (ii) minimum wages.

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff JUAN CASTRO wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

45. Defendants failed to provide Plaintiff JUAN CASTRO with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net

wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum Wage/Recordkeeping Provisions)**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

48. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such, constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

49. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage compensation, in violation of 29 U.S.C.§ 207 (a)(1).

50. Defendants' failure to pay Plaintiff the applicable minimum wage was willful within the meaning of 29 U.S.C.§ 255(a).

51. Defendants failed to satisfy the FLSA's recordkeeping requirements.

52. Defendants acted willfully in their violations of the FLSA's requirements.

53. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful minimum wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

## **SECOND CAUSE OF ACTION**
**(Unpaid Minimum Wages Under New York Labor Law)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wages.

56. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to Defendants' willful violations of the NYLL, Plaintiff JUAN CASTRO is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

60. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

# FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

63. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JUAN CASTRO respectfully requests that this Court enter judgment against Defendants DESIGNS ON FIFTH, LTD and DAVID AMBALO, as follows:

    a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

    c. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to

Plaintiff;

 d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

 e. Awarding Plaintiff damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

 f. Awarding Plaintiff damages for the amount of unpaid minimum wages, damages for any improper deductions or credits taken against wages;

 g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

 h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

 i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

 j. All such other and further relief as the Court deems just and proper.

 k. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

 l. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to

NYLL § 198 (1-d);

  m. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  n. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  o. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   November 27, 2023

        LINA STILLMAN, ESQ.

        ___/s/ Lina Stillman_____
        Lina Stillman, Esq.
        Attorneys for Plaintiff
        Stillman Legal, P.C.
        42 Broadway, 12t Floor
        New York, New York 10004
        Tel (212) 203-2417
        www.StillmanLegalPC.com